IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EARL C OGDEN,

    Petitioner,

v.                                                      CASE NO. 5:14-cv-272-RV-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Petitioner has neither paid the $5.00 habeas corpus filing fee nor filed for leave to proceed as a pauper. Moreover, a review of the Petition reflects that Petitioner fails to meet the threshold custody requirement necessary to entertain a § 2254 petition and seeks other relief that is unavailable in this Court. Because it "plainly appears from the petition . . . that petitioner is not entitled to relief," the undersigned recommends that this case be dismissed. Habeas Rule 4.

Petitioner is an inmate presently confined at Wakulla C.I. pursuant to his Bay County *nolo contendere* plea to probation violations. *See* Doc. 1; *State v. Ogden*, Case No. 88-CF-946. Petitioner was on probation for an escape conviction, and the underlying violations stemmed from burglary and grand theft charges. *See id*. Defendant was sentenced in September 1992 to five and one-half years imprisonment. Doc. 1; *State v. Ogden*, Case No. 88-CF-946. The Department of Corrections Inmate Locator reflects that Petitioner was released from this sentence on January 3, 1990.

In the instant Petition, Petitioner contends that he is entitled to habeas corpus relief from this 1992 sentence because the conviction has been used to enhance subsequent sentences. Petitioner contends that such enhancements amount to "newly discovered evidence." Doc. 1.

"[T]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner must be in custody pursuant to the conviction or sentence under attack, and is not considered in custody once that sentence has "fully expired." *Maleng*, 490 U.S. at 491-492. A person whose sentence has fully expired at the time a habeas petition is filed is not "in custody" for habeas corpus purposes even though collateral consequences flow from a prior conviction. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." *Id*. at 492. (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

In this case, it is clear that Petitioner is no longer "in custody" pursuant to his 1992 five and one-half years sentence. While such conviction may have been used to enhance subsequent sentences, the 1992 sentence has expired and the expiration of the sentence prior to filing the instant § 2254 petition deprives this court of habeas corpus jurisdiction. *See id*. The Petition therefore should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, should be **DISMISSED** and a COA should be **DENIED.**

**IN CHAMBERS** this 23rd day of October 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**